P. ALLEN McMULLEN, Respondent, *v.* JOSEPH B. PEART, Appellant.

*N. Y. Supreme Court, Fifth Department, General Term, April 12, 1889.*

1. *Municipal Court. Verified Complaint.*—By the Statute Laws of 1876, chap. 196, section 9; and chap. 192 of Laws of 1877, section 7, a verified complaint may be served with the summons, in the municipal court of the city of Rochester, the same as in the supreme court, and judgment, in such case, may be taken by default, without further proof of the cause of action.

2. *Same. Erroneous date.*—An erroneous date in the jurat to the verification of a complaint, cannot relieve a defendant, when sued, in the municipal court, 'for money only, from answering under oath.

3. *Same.* *Waiver.*—A response by the counsel for the defendant, in answer to a question of the judge, that the complaint was verified, whereupon a ruling was made that the answer must also be verified, is clearly a waiver of any right to take advantage of a purely clerical error in the proceedings.

Appeal from a judgment of the Monroe county court, affirming the judgment of the municipal court of the city of Rochester.

*J. D. Lynn,* for respondent.

*Waldo G. Morse,* for appellant.

MACOMBER J.—The complaint, which was filed in the municipal court, was for the recovery, on book account, for goods sold and delivered by the respondent to the appellant. By the statute (Laws of 1876, chap. 196, § 9; and chap. 192, § 7 of the Laws of 1877), a verified complaint may be served with the summons, in the municipal court of the city of Rochester, the same as in the supreme court, and if so done, judgment may be taken by default, without further proof of the cause of action.

The summons, and a copy of the verified complaint, were served on the defendant January 17, 1888. On the return day, January 23, the defendant appeared by attorney, but refused to answer otherwise than orally, and without oath. The offer thus to answer was rejected by the court.

The claim now made by the appellant seems to be based upon the assertion that the summons was issued on the 13th day of January, 1888; that consequently there could have been no verification of the complaint on the sixteenth, because the summons could not have been issued until the complaint was actually filed. This point, however, is not tenable, for it is only by a process of reasoning, and not by establishing it as a fact, that the complaint appears not to have been verified at the time of the issuing of the summons.

An erroneous date in the jurat, as this one probably was, cannot relieve the defendant when sued for money only in the municipal court, from answering under oath. Moreover, it appears in the record before us, that in the municipal court no claim was made, but that the complaint was properly verified, for in answer to a question propounded by the judge, the counsel for the defendant is shown to have answered that the complaint was verified, whereupon a ruling was promptly made, that the answer must also be verified. This response to the question of the judge, which was made by the attorney, was clearly a waiver of any right to take advantage of what appears to be purely a clerical error in the proceedings.

The judgment of the county court should be affirmed, with costs.

All concur.